**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE BONNER, et al.,<br><br>Defendants. | Case No. 1:25-CV-429<br><br>Judge Michael R. Barrett<br><br>**ORDER** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") of November 17, 2025. (Doc. 5). Pursuant to 28 U.S.C. § 636(b)(1)(C), proper notice has been afforded to the parties that they could forfeit rights on appeal if they failed to file proper objections to the R&R in a timely manner. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (holding that a failure to file objections generally waives the right to appeal the district court's adoption of an R&R). Defendant Leslie Jermaine Bonner (aka Gabriel Micha-El) timely objects, (Doc. 6), but the Court will overrule the objection and adopt the R&R in full for the following reasons.

As summarized by the Magistrate Judge:

> The removal petition alleges that Mr. Bonner/Micha-El is a party-defendant to a state court mortgage foreclosure action initiated in the Hamilton County, Ohio Court of Common Pleas. The petition and the docket of the state court1 reflect that PennyMac Loan Services, LLC filed a

> complaint in foreclosure against Mr. Bonner/Micha-El and others on June 3, 2024. It appears the state court granted a judgment in foreclosure for PennyMac Loan Services, LLC on November 27, 2024 and ordered a sale of defendant's properties. Thereafter, that matter was stayed when defendant filed a notice of bankruptcy. In the meantime, on June 25, 2025, defendant filed his petition for removal in this federal court.

(Doc. 5, PageID 114).

On sua sponte review, the Magistrate Judge noted that the "basis for removal of the state court foreclosure action to this federal court is not entirely clear." (*Id.*, PageID 115). The Magistrate Judge concluded that "Defendant has failed to establish that this Court has original federal question jurisdiction over this case," and "[b]ecause Defendant and all of the named defendants are Ohio citizens, removal on the basis of diversity jurisdiction is barred." (*Id.*, PageID 116-17). Accordingly, the Magistrate Judge recommended denying the petition for removal, dismissing the matter, and remanding it to state court.

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

In short, none of the arguments in Defendant's seven-page filing qualify as proper objections, and can instead be characterized as "the oft rejected nonsensical arguments of sovereign citizens." *Montgomery Cnty. Common Pleas Ct. Juv. Div., Inc. v. Bey*, No. 3:24-CV-33, 2024 U.S. Dist. LEXIS 124035, at *3 (S.D. Ohio July 15, 2024). Whether Defendant intended to initiate an original civil action or remove a matter from state court, the outcome here is the same: the Court lacks subject matter jurisdiction and this case must be remanded so that it can be properly adjudicated in state court.

For the foregoing reasons, Bonner's objections, (Doc. 6), are **OVERRULED**, and the Magistrate Judge's R&R, (Doc. 5), is **ADOPTED** in full. This matter is **REMANDED** to the Hamilton County Court of Common Pleas and **DISMISSED** with prejudice from the docket of this Court.

Further, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that an appeal of this order would not be taken in good faith, and therefore **DENIES** leave to appeal in forma pauperis. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge